UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRUCE F. FINSTER,

                                    Plaintiff,

v.                                                                           6:05-CV-0057
                                                                           (DNH/GHL)

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

OFFICE OF PETER W. ANTONOWICZ        PETER W. ANTONOWICZ, ESQ.
Counsel for Plaintiff
1300 Floyd Avenue
Rome, New York 13440-4600

HON. GLENN T. SUDDABY                     WILLIAM H. PEASE, ESQ.
United States Attorney for the                  Assistant United States Attorney
   Northern District of New York
Counsel for Defendant
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198


GEORGE H. LOWE, United States Magistrate Judge

## REPORT AND RECOMMENDATION

      This matter was referred to the undersigned for report and recommendation by the Honorable David N. Hurd, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Northern District of New York Local Rule 72.3. This case has proceeded in accordance with General Order 18 of this Court which sets forth the procedures to be followed when appealing a denial of Social Security benefits. Both parties have filed briefs. Oral argument was not heard. For the reasons discussed below, I recommend that the matter be remanded to the Commissioner

for further proceedings.

I.     BACKGROUND

    A.     **Procedural History**

Plaintiff applied for disability insurance benefits on September 3, 2003, with a protective filing date of August 21, 2003. (Administrative Transcript ("T") at 42-44, 56.) The application was denied on December 1, 2003. (T. at 30-33.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (T. at 34.) The hearing was held on July 26, 2004. (T. at 147-185.) On September 24, 2004, the ALJ issued a decision finding that Plaintiff was not disabled. (T. at 13-21.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on November 26, 2004. (T. at 5-7.) Plaintiff commenced this action on January 19, 2005. (Dkt. No. 1.)

    B.     **The Contentions**

Plaintiff makes the following claims:

(1)   The ALJ erred by finding that Plaintiff had the residual functional capacity ("RFC") to perform light work. (Dkt. No. 13 at 1.)

(2)   Defendant's decision is not supported by substantial evidence. (Dkt. No. 13 at 1.)

Defendant contends that the ALJ's decision is supported by substantial evidence and thus should be affirmed. (Dkt. No. 20.)

II.    APPLICABLE LAW

    A.     **Standard for Benefits**

To be considered disabled, a plaintiff seeking disability insurance benefits or SSI disability benefits must establish that he is "unable to engage in any substantial gainful activity

by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2004).  In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B) (2004).

Acting pursuant to its statutory rulemaking authority (42 U.S.C. §§ 405(a), 1383(d)(1)), the Social Security Administration ("SSA") promulgated regulations establishing a five-step sequential evaluation process to determine disability.  20 C.F.R. § 416.920 (2007).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

> At the first step, the agency will find non-disability unless the claimant shows that he is not working at a "substantial gainful activity."  [20 C.F.R.] §§ 404.1520(b), 416.920(b).  At step two, the SSA will find non-disability unless the claimant shows that he has a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  [20 C.F.R.] §§ 404.1520(c), 416.920(c).  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled; if so, the claimant qualifies.  [20 C.F.R. §§] 404.1520(d), 416.920(d).  If the claimant's impairment is not on the list, the inquiry proceeds to step four, at which the SSA assesses whether the claimant can do his previous work; unless he shows that he cannot, he is determined not to be disabled.  If the claimant survives the fourth stage, the fifth, and final, step

3

> requires the SSA to consider so-called "vocational factors" (the claimant's age, education, and past work experience), and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. [20 C.F.R.] §§ 404.1520(f), 404.1560(c), 416.920(f), 416.9630(c).

*Barnhart v. Thomas*, 540 U.S. at 24-25 (footnotes omitted).

The plaintiff-claimant bears the burden of proof regarding the first four steps. *Serrano v. Barnhart*, Civ. No. 02-6372, 2003 WL 22683342, at *11 (S.D.N.Y. Nov. 14, 2003). If the plaintiff-claimant meets his or her burden of proof on all four steps, the burden then shifts to the defendant-Commissioner to prove that the plaintiff-claimant is capable of performing other jobs which exist in significant numbers in the national economy. *Id.* (citing *Barnhart v. Thomas*, 540 U.S. at 25; other citations omitted).

### B.     Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Brown v. Barnhart*, Civ. No. 02-4523, 2003 WL 1888727, at *4 (S.D.N.Y. Apr. 15, 2003); *Serrano v. Barnhart*, 2003 WL 22683342, at *10; *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)). A reviewing court may not affirm an ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence. *Johnson*, 817 F.2d at 986. In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision. *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).

A court's factual review of the Commissioner's final decision is limited to the

determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g) (2005); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted). It must be "more than a scintilla" of evidence scattered throughout the administrative record. *Serrano*, 2003 WL 22683342, at *10; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258. However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972); *see also Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**III.    THE PLAINTIFF**

Plaintiff is currently 45 years old. (T. at 42, 56, 151.) Plaintiff completed the tenth grade. (T. at 61, 89, 151.) Plaintiff worked for 14 years as a truck driver. (T. at 60, 89.) He has also worked as a heavy equipment operator. (T. at 89.) Plaintiff alleges disability due to a crushed disc in his lower back. (T. at 59.)

**IV.    THE ALJ'S DECISION**

The ALJ found that (1) Plaintiff has not engaged in any substantial gainful activity since June 25, 2003; (2) Plaintiff suffers from the severe conditions of low back pain and herniated

lumbar discs at L4-5 and L5-S1; (3) Plaintiff's severe conditions do not meet or equal a listed impairment; (4) Plaintiff's "statements concerning his impairments and their impact on his ability to work are not entirely credible"; (5) Plaintiff has the RFC to perform "no more than light work, or work which involves lifting and carrying of no more than 20 pounds occasionally. In addition, the claimant has significant non-exertional limitations stemming from his back pain. In this regard, I find that the claimant can perform no climbing, crawling, crouching, kneeling, or frequent bending at the waist. Additionally, the claimant can perform no frequent pushing or pulling against resistance. Finally, the claimant can perform no operation of foot controls"; (6) Plaintiff cannot perform his past relevant work; (7) Plaintiff is capable of working as a routing clerk, a checker, a surveillance system monitor, and a lens inserter; and (8) Plaintiff is not disabled. (T. at 19-20.)

**V.      DISCUSSION**

    **A.     The ALJ's Assessment of Plaintiff's RFC Is Not Supported By Substantial Evidence.**

The ALJ found that Plaintiff retains the RFC to "perform the exertional demands of no more than light work, or work which involves lifting and carrying of no more than 20 pounds occasionally ...(Plaintiff) can perform no climbing, crawling, crouching, kneeling, or frequent bending at the waist. Additionally, (Plaintiff) can perform no frequent pushing or pulling against resistance. Finally, (Plaintiff) can perform no operation of foot controls. *No other limitations are warranted by the evidence of record*." (T. at 16)(emphasis added.)

Plaintiff argues that the ALJ erred by finding that he has the RFC to perform light work. Plaintiff is correct because the ALJ's RFC assessment omitted one significant non-exertional

limitation.

A claimant's RFC represents a finding of the range of tasks he or she is capable of performing despite his or her impairments. 20 C.F.R. § 404.1545(a) (2007). An RFC determination is informed by consideration of a claimant's physical abilities, mental abilities, symptomatology, including pain, and other limitations that could interfere with work activities on a regular and continuing basis. *Id.; Martone v. Apfel*, 70 F. Supp. 2d 145, 150 (N.D.N.Y. 1999)(Hurd, D.J.).

To properly ascertain a claimant's RFC, an ALJ must assess a claimant's exertional capabilities, addressing his or her ability to sit, stand, walk, lift, carry, push and pull. 20 C.F.R. § 404.1569a (2007). Non-exertional limitations or impairments, including impairments that result in postural and manipulative limitations, must also be considered. 20 C.F.R. § 404.1569a; *see also* 20 C.F.R. Part 404, Subpt. P, App. 2 § 200.00(e). An administrative RFC finding can withstand judicial scrutiny only if there is substantial evidence in the record to support each requirement listed in the regulations. *Martone*, 70 F. Supp. 2d at 150.

The ALJ's assessment of Plaintiff's RFC is not supported by substantial evidence. The ALJ noted that a "good deal" of his RFC assessment was based on physical examinations performed by Donald Cally, M.D., on December 1, 2003, and June 21, 2004. (T. at 18.) The ALJ gave "Dr. Cally's most recent examination of June 21, 2004, significant weight, not only because Dr. Cally is an orthopedic surgeon who has examined (Plaintiff) as many times as any treating physician[1] involved in this matter, but also because his examination occurred very close

---

[1]  Plaintiff argues that the ALJ erred by rejecting the opinion of his treating chiropractor, Douglas Nuccio, D.C. (Dkt. No. 13 at 5-6, 9-14.) Dr. Nuccio opined that Plaintiff can lift/carry 15 pounds, stand/walk less than two hours per

to the one-year mark regarding (Plaintiff's) alleged back disability." (T. at 18.) The ALJ acknowledged that "Dr. Cally ... reported that (Plaintiff) could work at a light or modified duty position *where he is allowed to make frequent postural changes during the course of the day*." (T. at 18) (emphasis added.) In fact, each of Dr. Cally's reports noted Plaintiff's need to make frequent postural changes. (T. at 128, 138.) However, the ALJ did not incorporate that non-exertional limitation into his assessment of Plaintiff's RFC. As a result, the RFC assessment is not supported by substantial evidence and remand is required.

> B.   On Remand, the ALJ Should Elicit Clearer Testimony From the Vocational Expert Regarding Plaintiff's Need to Change Positions Frequently.

The ALJ found that Plaintiff is not disabled because he could work as a routing clerk, a checker, a surveillance system monitor, or a lens inserter. (T. at 20.) Plaintiff argues that the ALJ's decision is not supported by substantial evidence.

The ALJ, correctly noting that Plaintiff's non-exertional limitations precluded reliance on the Grid (T. at 19), elicited testimony from a vocational expert ("VE") to assist him in making a finding at step five of the sequential analysis. (T. at 172-182.)

The ALJ asked the VE to assume a person of Plaintiff's age, educational level, and work experience who was limited to light work with no climbing, crawling, crouching or kneeling, no frequent bending at the waist, no frequent pushing or pulling and no work that required the operation of foot controls. (T. at 173-174.) The VE testified that such an individual could work as a routing clerk or a checker. (T. at 174.)

---

day and sit for only a limited amount of time and that Plaintiff's ability to push and pull is limited. (T. at 85.) Chiropractors are not acceptable sources of medical evidence under the Regulations, and the Commissioner is not required to consider their opinions. 20 C.F.R. § 404.1513 (2007).

For the second hypothetical, the ALJ asked the VE to assume the same limitations with the additional limitation of being limited to unskilled sedentary work. (T. at 174.) The VE testified that such an individual could work as a surveillance system monitor or a lens inserter. (T. at 175.)

As discussed above, the ALJ's RFC assessment should have included a finding that Plaintiff needed to make frequent postural changes. The VE testified that the positions he described would be amenable to a stand/sit option "(o)nly as an accommodation made by an employer". (T. at 175.)

The Commissioner's determination of the availability of jobs that a claimant can perform cannot be based on an assumption that an employer would accommodate the claimant's disabilities under the Americans with Disabilities Act. *Eback v. Chater*, 94 F.3d 410, 412 (8th Cir. 1996). On the other hand, if VE testimony shows that employers in a certain industry *routinely* accommodate workers by providing a sit/stand option, the Commissioner may rely on that testimony to support a determination that a claimant is capable of working. *Jones v. Apfel*, 174 F.3d 692, 693-694 (5th Cir. 1999).

Here, it is not clear whether the VE meant that a specific employer would be required to provide a sit/stand option under the Americans with Disabilities Act or whether employers in the industries he described routinely accommodate employees with a sit/stand option. On remand, the ALJ should clarify this issue.

**WHEREFORE,** it is hereby

**RECOMMENDED**, that this matter be remanded to the Commissioner, pursuant to

sentence four of 42 U.S.C. § 405(g),[2] for further proceedings consistent with the above.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).

Dated:  December 27, 2007
        Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

[2]  Sentence four reads "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).